MINUTE ENTRY
KNOWLES, M.J.
DECEMBER 12, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD FOLEY, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2827** |
| **SAFG RETIREMENT SERVICES, INC., ET AL.** | **SECTION "H" (3)** |

On December 9, 2011, SHF's Motion for Contempt [Doc. #219] came on for oral hearing before the undersigned at a settlement conference. For purposes of this motion, present were Bill Aaron and DeWayne L. Williams on behalf of plaintiffs and Gerard Wimberly and Angie Christina on behalf of the SHF defendants ("SHF"). For the reasons stated at the settlement conference,

**IT IS ORDERED** that SHF's Motion for Contempt [Doc. #219] is GRANTED IN PART as outlined below.

On June 28, 2011, SHF filed its Motion for Inspection of Partnership Books and Records [Doc. #95]. After numerous requests by the parties to continue, the Court held oral argument on the motion on September 28, 2011, and, as the parties conceded, the Court dismissed the motion as satisfied and agreed upon. [Doc. #168].

Approximately one month later, SHF filed a motion to compel [Doc. #195], in which it

MJSTAR(00:15)

argued that plaintiffs had still failed to provide certain documents to it. On November 2, 2011, after oral argument, this Court granted the motion and ordered plaintiffs to produce all documents to SHF no later than ten days from the date of the order. [Doc. #203].

On November 22, 2011, SHF filed the motion for contempt [Doc. #219] now under submission with the Court. SHF contends that plaintiffs have still failed to produce all documents to it in compliance with the Court's Minute Entry dated November 2, 2011. Plaintiffs argue that they have turned over to SHF all documents in their possession. At the settlement conference, the Court questioned counsel for plaintiffs, who represented to this Court that they have produced to SHF all responsive documents.

"A contempt of court consists of the disregard of judicial authority." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2960 (2d ed. 1995). "Courts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). Contempt proceedings can arise in two forms, criminal and civil; "the purpose of civil contempt is remedial, while criminal contempt is punitive." 3A Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice & Procedure § 704 (3d ed. 2004). A contempt proceeding is civil "if its purpose [is] remedial and [is] intended to coerce the defendant into doing what he was supposed to do." *United States v. Hilburn*, 625 F.2d 1177, 1179 n.1 (5th Cir1980).

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost*, 68 F.3d at 961 (quoting *SEC v. First Fin. Group of Tex.*, 659 F.3d 660, 669 (5th Cir. 1981)). The Fifth Circuit has identified the three elements of civil contempt that must

be "establish[ed] by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir.1999).

Here, there were two orders from this Court in effect. [Doc. ##168 & 203]. While the Court recognizes that the first order dismissed the motion to inspect as moot based on the parties' representations at oral argument – and plaintiffs' concession that SHF had the right to inspect the partnership books and records – the Court notes that plaintiffs' failure to comply with their representations necessitated the filing of SHF's motion to compel. All parties understood after the first oral hearing that plaintiffs would comply with the representations made to the Court, and the second order explicitly required plaintiffs to produce to SHF all documents responsive to their motions. And again, the Court notes that it only dismissed the first motion as moot because plaintiffs represented to the Court that they would comply with SHF's request. Their failure to do so required SHF to file the motion to compel. Plaintiffs failed to comply in full with the Court's two orders – by failing to follow through with their representations to the Court as to the first and by failing to timely produce all documents to SHF (notably, the attorney-billing statements) as to the second.

Accordingly, the Court will grant in part the motion for contempt and award SHF its attorneys' fees and costs incurred for filing the first two motions, the motion to inspect and the motion to compel. Because plaintiffs now represent to the Court that there are no more outstanding documents to produce, the Court will not award attorneys' fees for this motion for contempt.

SHF shall file into the record the appropriate motion and supporting documentation

3

necessary to recover its attorneys' fees for the first two motions **no later than fourteen (14) days from the date of this Minute Entry**.  Should counsel for plaintiffs seek to challenge any aspect of that motion, should circumstances so warrant, plaintiffs shall file any such opposition **no later than seven (7) days from the submission of the motion**.

                                                      **DANIEL E. KNOWLES, III**
                                                      **UNITED STATES MAGISTRATE JUDGE**