UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAROLD FOLEY et al., | * | CIVIL ACTION NO. 10-2827 |
| Plaintiffs | * | |
| | * | |
| | * | SECTION: H |
| VERSUS | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| SAFG RETIREMENT SERVICES, | * | |
| INC., et al., | * | MAGISTRATE: 3 |
| Defendants | * | MAG. DANIEL KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS

Before the Court is Defendants SunAmerica Housing Fund 1169, SunAmerica Housing Fund 1218, SunAmerica Housing Fund 1311, SunAmerica Housing Fund 1321, SunAmerica Housing Fund 1322, SunAmerica Housing Fund 1326, SunAmerica Housing Fund 1383, SunAmerica Housing Fund 1514, SunAmerica Housing Fund 1517, SunAmerica Housing Fund 1519, SunAmerica Housing Fund 1534, SunAmerica Housing Fund 1537's (collectively "SunAmerica") Motion for Contempt and Sanctions. (Doc. 237.) For the following reasons, the Motion is **GRANTED IN PART AND DENIED IN PART.**

1

The Motion is **DENIED** as to the failure to turn over partnership books and records. The Motion is **GRANTED** as to failure to turn over partnership assets.

**IT IS ORDERED** that Plaintiffs are fined $10,000.00, payable at the conclusion of a trial on the merits. **IT IS FURTHER ORDERED** that Plaintiffs deposit the remaining $490,000.00 of partnership funds into the registry of the court pending a trial on the merits. This deposit shall be made within 15 days of the filing of this Order.

## BACKGROUND

On December 16, 2011, SunAmerica filed a Motion for Contempt and Sanctions (Doc. 237) and requested oral argument on the motion. (Doc. 234.) Plaintiffs filed a Response in Opposition to the Motion (Doc. 246) on December 27, 2011, and SunAmerica filed a Reply in Support of their Motion (Doc. 255) on December 29, 2011. On January 4, 2012, the Court heard partial oral argument on the motion and continued the remaining oral argument to January 11, 2012. On January 11, 2012, the Court heard the remaining argument on the motion and took the motion under submission.

## LAW AND ANALYSIS

"A federal court can find a party in civil contempt when the party 'violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order.'" *Bd. of Supervisors of the La. State Univ. and Agric. and Mech. Coll. v. Smack Apparel Co.,* 574 F.Supp.2d 601, 604 (quoting *SEC v. First Fin. Grp.,* 659 F.2d

660, 669 (5th Cir. 1981)).  The movant in a civil contempt proceeding carries the burden of producing clear and convincing evidence showing that: (1) that a court order was in effect, (2) that the court order required certain conduct of the respondent, and (3) the respondent failed to comply with the court order.  *Whitcraft v. Brown,* no. 08-10174, 2009 WL 1492833, *2 (5th Cir. 2009) (citing *Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir. 1992)).  The evidence must be "clear, direct and weighty and convincing" enough to allow the fact finder "to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."  *Test Masters Educ. Servs, Inc. v. Singh,* 428 F.3d 559, 581-82 (5th Cir. 1999).  In civil contempt proceedings, the respondent's action need not be willful, as long as the respondent "actually failed to comply with the court's order."  *Am. Airlines v. Allied Pilots Ass'n,* 228 F.3d 574, 581 (5th Cir. 2000).

This Court issued an Order on November 22, 2011, requiring Plaintiffs in this case to "vacate the partnership properties, turn over all partnership books and records, and relinquish possession and control of partnership property, including all partnership bank accounts." (Doc. 223, pp. 5-6.)  Accordingly, a court order was in effect during any action or inaction of Respondents on or after November 23, 2011, and that order required certain conduct of Respondents.  The remaining question for this Court is whether movants established by clear and convincing evidence that Respondents failed to comply with this Order.

As to the alleged failure to turn over partnership books and records, the Court finds that movants failed to meet their burden.  In civil contempt proceedings, the moving party bears the

3

burden of proving by clear and convincing evidence that the party they are seeking to hold in contempt failed to comply with the court's order. Here, movants put forth no competent evidence establishing that Respondents did not turn over partnership books and records as the Order required. Although counsel argued that Respondents did not turn over the partnership books and records, representations of counsel of are not sufficient to establish that Respondents failed to comply with the Order. Harold and Verlyn Foley, movants' only witnesses, invoked their Fifth Amendment rights against self incrimination. Although the Court in a civil contempt proceeding may draw inferences from a witness's invocation of this right, those inferences alone do not establish that Respondents failed to turn over partnership books and records. Although movants could have presented the Court with sworn testimony in the form of affidavits or live witness testimony confirming that the new general partners did not receive all partnership books and records from Respondents, movants failed to do so. Accordingly, they did not meet their burden of showing by clear and convincing evidence that Respondents failed to turn over partnership books and records.

As to the alleged failure to turn over partnership assets, the Court finds Respondents in contempt. Based on the representations of Respondents' counsel at the January 4, 2012 contempt hearing, the Court is convinced that Respondents violated the section of the Court's Order requiring that Respondents turn over partnership property. Respondents' counsel readily admitted that Respondents removed money from partnership accounts, and the Court considers counsel's

4

statements a stipulation that Respondents removed the funds. The Order was clear that the Court was requiring Respondents to "relinquish possession and control of partnership property." "Partnership property" included any partnership funds. Respondents' counsel admits that Respondents removed approximately $1.1 million from partnership bank accounts. Although the Order was not in effect when these assets were removed, the Order did require Respondents to relinquish partnership property in their possession. The removed funds were partnership property. Accordingly, Respondents' failure to return the money taken from the partnership bank accounts constitutes contempt of this Court's Order.

## CONCLUSION

The Motion is **GRANTED IN PART AND DENIED IN PART.** The Motion is **DENIED** as to the partnership books and records. The Motion is **GRANTED** as to partnership assets.

**IT IS ORDERED** that Plaintiffs are fined $10,000, payable at the conclusion of a trial on the merits. **IT IS FURTHER ORDERED** that Plaintiffs deposit the remaining $490,000.00 of partnership funds into the registry of the court pending a trial on the merits. This deposit shall be made within 15 days of the filing of this Order.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

5