UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD FOLEY, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2827** |
| **SAFG RETIREMENT SERVICES, INC., ET AL.** | **SECTION "H" (3)** |

**ORDER**

Before the Court is SHF's Motion to Fix Attorneys' Fees [Doc. #244]. For the following reasons, the Court grants the motion in part.

**I.     Background**

The Court outlines the facts only as necessary to the motion here. On June 28, 2011, SHF filed its Motion for Inspection of Partnership Books and Records [Doc. #95]. After numerous requests by the parties to continue, the Court held oral argument on the motion on September 28, 2011, and, as the parties conceded, the Court dismissed the motion as satisfied and agreed upon. [Doc. #168].

Approximately one month later, SHF filed a motion to compel [Doc. #191], in which it argued that plaintiffs had still failed to provide certain documents to it. On November 2, 2011, after oral argument, this Court granted the motion and ordered plaintiffs to produce all documents to SHF no later than ten days from the date of the order. [Doc. #203].

On November 22, 2011, SHF filed its motion for contempt [Doc. #219]. SHF contended

that plaintiffs had still failed to produce all documents to it in compliance with the Court's Minute Entry dated November 2, 2011. Plaintiffs argued that they had turned over to SHF all documents in their possession. At the December 9, 2011 settlement conference, the Court questioned counsel for plaintiffs, who represented to this Court that they had produced to SHF all responsive documents.

On December 12, 2011, the Court granted in part the motion for contempt [Doc. #232], finding that plaintiffs were in contempt of this Court's Orders dated September 28, 2011 [Doc. #168] and November 2, 2011 [Doc. #203]. The Court thus awarded SHF its attorneys' and costs incurred for the filing of its first two motions but not the motion for contempt. SHF now seeks its attorneys' fees and costs incurred for the two motions.[1]

## II.    Law and Analysis

### A.    The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374,

---

[1]  The Court notes that plaintiffs' first two arguments are that (1) SHF has not shown entitlement to attorneys' fees pursuant to contract or statue and (2) SHF never requested attorneys' fees in either of the motions at issue. The Court has already awarded SHF its attorneys' fees and costs incurred in the filing of the two motions pursuant to the case law of civil contempt [Doc. #232 at pp. 2-3], and these arguments are thus moot.

Relying on *Castaneda v. Falcon*, 166 F.3d 799 (5th Cir. 1999) and *Matter of Hipp, Inc.*, 895 F.2d 1503 (5th Cir. 1990), plaintiffs also argue that there is an issue as to whether a magistrate judge has the authority to hold parties in contempt. This argument is specious at best. This Court's contempt order relates to two discovery-related motions that are automatically referred under the Local Rules of this Court, *see* E.D. La. Loc. R. 72.1(A), and there is no question that this Court can sanction a party for failure to abide by its own orders. Indeed, even the *Castaneda* court noted that a magistrate judge may find a party in contempt of court under 28 U.S.C. § 636(e). 166 F.3d at 801 & n.5. Moreover, nothing in the case law or Section 636 precludes a magistrate judge from awarding sanctions under the Federal Rules of Civil Procedure, namely Rule 37(b), for failure to comply with a court order.

379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

    **1. Reasonable Hourly Rates**

Turning to the time records compiled and submitted by SHF's counsel, SHF seeks $450.00/hour for Gerard Wimberly and $300.00/hour for Angelina Christina. Wimberly is a

member of the law firm of McGlinchey Stafford, PLLC with over 30 years of experience. Christina is an associate at the same law firm with over eight years of experience.[2] Citing 2006 and 2005 case law from this district, plaintiffs argue that these two hourly rates are clearly excessive.

This Court's review of the case law in this district for the past two years reveals that the requested hourly rates require an adjustment based on the practice of law in this district. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour for paralegals)*; Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Indeed, in this Court's most recent opinion on attorney's fees, the Court approved

---

[2] The Court notes that Christina recently became a member of the firm.

$350.00/hour for two partners with 30 and 36 years of experience and $200.00/hour and $180.00/hour for associates with four and two years of experience respectively. *Const. South, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271, *2 (E.D. La. July 29, 2011). Considering the prevailing market rates in the Greater New Orleans area and this District's case law, the Court finds that $350.00/hour and $275.00/hour are reasonable rates for Wimberly and Christina respectively given their years of experience and skill.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that defense counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

Wimberly argues that he expended 14.4 hours of work with regard to the first motion and 8.0 hours with regard to the second. Christina contends that she expended 41.5 hours of work with regard to the first motion and 15.0 with regard to the second. SHF contends that the amount of hours are reasonable because this is a complex case. SHF notes that there are twelve separate partnerships involved here, each governed by a separate partnership agreement under the laws of three states.

The memorandum in support of the motion for inspection was 15 pages long with 91 pages of exhibits.  SHF also notes that with regard to the second motion, counsel for SHF not only had to draft it but also had to review the documents already received from plaintiffs to determine what documents were still outstanding.

This Court has reviewed line by line the billing statements submitted on behalf of SHF's counsel and finds that the majority of the hours expended by counsel are reasonable.  The billing statements reflect that SHF's counsel drafted the motions, the memoranda in support and all other pleadings necessary for submission before the Court.  They also reflect counsel's review of the law and the preparation of exhibits to support the motion.  Further, they reveal much correspondence between SHF's counsel and their client and plaintiffs' counsel.  The Court does not find excessive the hours expended by counsel to prepare the motions in all its aspects.  The Court's review of the billing statements satisfies it that defense counsel – in general – has exercised billing judgment here.

However, there are some entries that the Court will reduce and/or strike given the Court's familiarity with the practice of law in this district.

(1) The drafting of the notice of submission on June 28, 2011 will be reduced from .30 hours to .10 hour.  The Court finds excessive .30 hours to draft a boiler-plate notice of submission.

(2) The Court will eliminate the two entries on June 28, 2011 of .20 hours each.  The Court finds that plaintiffs should not be charged for correspondence to third parties who were not involved in the motion.

(3) The Court will reduce from .20 hours to .10 hours the analysis of this Court's half-page order.  The Court finds excessive .20 hours to review its half-page order.

(4) The Court will strike the time entry of .90 hours on September 6, 2011 in which counsel stated that he reviewed and/or evaluated a claim for liquidated damages. As far as this Court is aware, the two motions here did not concern such a claim.

(5) The Court will strike the time entry of 1.50 hours expended to research sanctions. The Court did not award fees and costs for the motion for contempt, and there is no substantive law on sanctions in SHF's two motions to compel.

(6) The Court will also strike the two time entries of .50 and .80 hours respectively on November 28, 2011 for Christina to prepare for and to attend the oral hearing on the second motion to compel. This is duplicative of Wimberly's billing, and the Court is not inclined to award fees for the attendance of two attorneys at the oral hearing on the second motion to compel.

(7) The Court will also strike two time entries of September 5, 2011, in which counsel for SHF drafted a supplemental and amended motion for inspection of books and records. The Court is not aware that such a motion exists.

(8) The Court will also reduce the time entries for Wimberly from 6.5 hours and 6.0 hours to 2.0 hours and 3.0 hours for preparation for and attendance at the hearings on the motions to compel. The Court finds 6.0 hours excessive for what amounted to eight-minute and 15-minute hearings respectively.

### III.  Conclusion

For the foregoing reasons, and after taking into consideration the adjustment to the hourly rates and the reduced hours,

**IT IS ORDERED** that SHF's Motion to Fix Attorneys' Fees [Doc. #244] is GRANTED IN

PART, to the extent that the Court awards SHF attorneys' fees in the amount of $18,695.00.

New Orleans, Louisiana, this 20th of March, 2012.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**