UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAROLD FOLEY et al.,<br>Plaintiffs | * * * * | CIVIL ACTION NO. 10-2827 |
| | * * | SECTION: H |
| VERSUS | * * | JUDGE JANE TRICHE MILAZZO |
| SAFG RETIREMENT SERVICES,<br>INC., et al.,<br>Defendants | * * * * | MAGISTRATE: 3<br>MAG. DANIEL KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

Before the Court is Defendants SunAmerica Housing Fund 1169, SunAmerica Housing Fund 1218, SunAmerica Housing Fund 1311, SunAmerica Housing Fund 1321, SunAmerica Housing Fund 1322, SunAmerica Housing Fund 1326, SunAmerica Housing Fund 1383, SunAmerica Housing Fund 1514, SunAmerica Housing Fund 1517, SunAmerica Housing Fund 1519, SunAmerica Housing Fund 1534, SunAmerica Housing Fund 1537's (collectively "SunAmerica") Motion to Enforce November 23, 2011 Order and Reasons, for Sanctions, and for Contempt. (Doc. 311.) For the following reasons, the Motion is **GRANTED.** Accordingly;

**IT IS ORDERED** that Plaintiffs are fined $29,000.00, or $1000.00 per business day, from and including February 1, 2012, through and including March 13, 2012, payable at the conclusion of a trial on the merits. Defendants are also awarded reasonable attorneys' fees in an amount to be set by the magistrate judge.

## BACKGROUND

The Motion before the Court is Defendants' second motion asking the Court to find Plaintiffs in contempt of its Order and Reasons of November 23, 2011. On December 16, 2011, SunAmerica filed a Motion for Contempt and Sanctions (Doc. 237) and requested oral argument on the motion. (Doc. 234.) On January 4, 2012, the Court heard partial oral argument on the motion and continued the remaining oral argument to January 11, 2012. On January 11, 2012, the Court heard the remaining argument and took the motion under submission. The Court granted in part and denied in part the motion, finding that Defendants proved contempt as to missing partnership funds but did not prove contempt as to missing partnership books and records. (Doc. 300.)

On February 13, 2012, Defendants filed the current Motion, alleging that Plaintiffs had still not complied with the portion of the Court's November 23 Order that required Plaintiffs to "turn over all partnership books and records." (Doc. 311.) Plaintiffs filed a Response in Opposition on February 21, 2012 (Doc. 314), and Defendants filed a Reply on February 28, 2012. (Doc. 324.) The Court held a contempt hearing on March 20, 2012 and took the Motion under submission at that

time. For the reasons stated below, the Court finds Plaintiffs in contempt of its November 23 Order and grants Defendants' Motion.

**LAW AND ANALYSIS**

"A federal court can find a party in civil contempt when the party 'violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order.'" *Bd. of Supervisors of the La. State Univ. and Agric. and Mech. Coll. v. Smack Apparel Co.,* 574 F.Supp.2d 601, 604 (E.D. La. 2008) (quoting *SEC v. First Fin. Grp.,* 659 F.2d 660, 669 (5th Cir. 1981)). The movant in a civil contempt proceeding carries the burden of producing clear and convincing evidence showing that: (1) that a court order was in effect, (2) that the court order required certain conduct of the respondent, and (3) the respondent failed to comply with the court order. *Whitcraft v. Brown,* No. 08-10174, 2009 WL 1492833, *2 (5th Cir. 2009) (citing *Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir. 1992)). The evidence must be "clear, direct and weighty and convincing" enough to allow the fact finder "to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Test Masters Educ. Servs, Inc. v. Singh,* 428 F.3d 559, 581-82 (5th Cir. 1999). In civil contempt proceedings, the respondent's action need not be willful, as long as the respondent "actually failed to comply with the court's order." *Am. Airlines v. Allied Pilots Ass'n,* 228 F.3d 574, 581 (5th Cir. 2000).

This Court issued an Order on November 22, 2011, requiring Plaintiffs in this case to "turn over all partnership books and records . . . ." (Doc. 223, pp. 5-6.) Accordingly, a court order was

3

in effect during any action or inaction of Respondents on or after November 23, 2011, and that order required certain conduct of Respondents. The remaining question for this Court is whether movants established by clear and convincing evidence that Respondents failed to comply with this Order.

At the March 20 hearing, Defendants presented ample evidence that Plaintiffs violated this Court's Order. Hillary Zimmerman, Senior Vice-President and General Counsel of McCormack Baron, testified that she never agreed to accept only Quickbooks files in satisfaction of Plaintiffs' obligation to turn over all partnership books and records. Zimmerman further testified that in these types of transitions between general partners, her company usually receives both physical boxes of files and e-files from former general partners.

Next, Carter Alexander, Regional Asset Manager for Defendant SunAmerica, testified as to the types of records that general partners in these types of partnerships generally maintain. Although counsel for Plaintiffs argued that SunAmerica already had copies of the records that Plaintiffs had not turned over, Alexander testified that SunAmerica did not have copies of certain records that a general partner would be expected to maintain, including day-to-day operating files and first-year tenant qualifying files.

Lastly, Eduardo Soto, Vice-President of Information Technology for SunAmerica, testified as to missing electronic files. He testified, for example, that he was not allowed to copy any e-mails relating to the partnerships from Plaintiffs' computers. He further testified that he

4

downloaded thirteen gigabytes of information relating to the partnerships from Plaintiffs' computers. He found this information by conducting a search for documents containing the names of the partnerships. He left a hard drive containing these files in Plaintiffs' office overnight for Harold Foley to review. When Soto returned to Plaintiffs' office the following morning, everything except for some Quickbooks files had been deleted from the hard drive. Although Harold Foley downloaded additional files to a new hard drive, that hard drive only contained three gigabytes of information.

The Court finds that Defendants met their burden of establishing that Plaintiffs violated this Court's order. Although Plaintiffs' counsel argued that Defendants already had copies of all partnership records, Defendants put forth witness testimony establishing that, at a minimum, Plaintiffs were in possession of seventeen boxes of partnership records of which neither Defendants nor the replacement general partners had copies prior to March 14, 2012. Plaintiffs put forth no evidence to dispute this testimony. In addition, Plaintiffs argue that they never denied Defendants access to inspect the partnership books and records. The Court's Order, however, required Plaintiffs to turn over the books and records, not merely to allow access to the records or to allow Defendants to inspect the records. Lastly, Plaintiffs argue that even if they violated the Order, it was not a willful violation. This argument fails, however, because the law does not require civil contempt to be a willful violation. Accordingly, the Court holds that Plaintiffs were in contempt of its November 23, 2011 Order.

## CONCLUSION

Defendants' Motion is **GRANTED**. The Court finds Plaintiffs in contempt of its November 23, 2011 Order and Reasons. Accordingly, Plaintiffs are fined $29,000, payable at the conclusion of a trial on the merits. Defendants are also awarded reasonable attorneys' fees to be set by the magistrate judge.

New Orleans, Louisiana, this 4th day of April, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE