UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD FOLEY, III, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2827** |
| **SAFG RETIREMENT SERVICES, INC., ET AL** | **SECTION "H"(3)** |

ORDER & REASONS

**IT IS ORDERED** that the Motion for Reconsideration re [262] Order on Motion for Leave to File (Doc. 343) filed by SunAmerica Housing Fund 1169, SunAmerica Housing Fund 1218, SunAmerica Housing Fund 1311, SunAmerica Housing Fund 1321, SunAmerica Housing Fund 1322, SunAmerica Housing Fund 1326, SunAmerica Housing Fund 1383, SunAmerica Housing Fund 1514, SunAmerica Housing Fund 1517, SunAmerica Housing Fund 1519, SunAmerica Housing Fund 1534, SunAmerica Housing Fund 1537's (collectively "SunAmerica") is **DENIED**, and the above-captioned case is **REMANDED** to state court because the Court lacks subject-matter jurisdiction.

1

**LAW & ANALYSIS**

When a movant files a motion to reconsider more than twenty-eight days after a court issues an order, the court treats the order as a motion for relief from judgment under Rule 60(b). *Bass v. U.S. Dep't of Agric.,* 211 F.3d 959, 962 (5th Cir. 2000).  Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The decision of whether to grant or a deny a Rule 60(b) motion is within the trial court's sound discretion. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 997 (5th Cir. 2002).

No reason exists in this case to grant SunAmerica's Motion to Reconsider. Plaintiffs initially brought non-diverse defendants into this case on January 3, 2012. (Docs. 248, 262.) At oral argument on January 11, 2012, the Court granted Plaintiffs leave to amend their complaint within fifteen days, or until January 26, 2012. (Doc. 279.) Accordingly, Plaintiffs were not required to request leave to file an amended complaint so long as they filed it on or before January 26, 2012. On January 26, 2012, Plaintiff filed a motion for leave to file its amended complaint. (Doc. 299.) On January 31, 2012, the Court granted the motion for leave to file and Plaintiffs' Third Supplemental and Amending Complaint was entered into the record. (Docs. 301, 302.) On March 20, 2012, after being granted two extensions of time in which to answer (Docs. 306, 330), SunAmerica filed an answer to the third amended complaint (Doc. 342). SunAmerica had notice of the addition of non-diverse defendants and ample time to object to their addition but failed to

do so until March 21, 2012, nearly two months after Plaintiffs' filed the Third Supplemental and Amending Complaint and more than two months after Plaintiffs initially brought non-diverse defendants into the case. At no time prior to filing its answer did SunAmerica object to the addition of non-diverse defendants, and it may not do so at this time.

As a result, the Court must remand the case for lack of subject-matter jurisdiction. In diversity cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 2012). If a court permits joinder of a non-diverse defendant, destroying subject matter jurisdiction, the court must remand the action to the state court. *Id.* § 1447(e). Here, the Court granted Plaintiffs leave to file the amended complaint, which included claims against non-diverse defendants. As a result, the Court lacks subject-matter jurisdiction over the case and must remand the case to state court.

3

**CONCLUSION**

SunAmerica's Motion to Reconsider is denied. The Court remands the above-captioned case to state court pursuant to 28 U.S.C. § 1447(e) because this Court lacks subject-matter jurisdiction.

New Orleans, Louisiana this 21st day of May, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**